ZABST *v.* CITY OF ANGOLA.

[No. 14,701.   Filed June 20, 1934.]

*Theodore T. Wood,* for appellant.

*Willis K. Batchelet* and *Dudley W. Gleason,* for appellee.

CURTIS, J.—This was an action brought by the appellant in the trial court against the appellee, seeking to abate permanently an alleged nuisance created by the disposition of sewage by the appellee in the manner described in the complaint, and to recover damages alleged to have been occasioned by reason of the existence and continuation of said nuisance.

The complaint was in one paragraph and alleges, in substance, that the appellee is a fifth class city located in Steuben County, Indiana, and as such city has constructed and maintains a sewage system for the collection, conveyance, and disposal of said sewage to a point outside the corporate limits; that the appellant is a resident freeholder and householder in said county, owning a farm located a short distance east of appellee city and also owning a house and lot within said city, making his home in the latter; that said appellee collected, conveyed, and disposed of its sewage in such a

manner that the raw sewage flowed from the sewers into a public ditch or drain a short distance from appellant's farm; that the public ditch or drain passess through appellant's farm and said raw sewage is carried by its waters, unless said ditch is dry, and is deposited upon its banks and bottom throughout the course of said ditch through appellant's property; that this condition led to obnoxious odors, unhealthy conditions, and resulted in the poisoning of livestock of appellant; that in connection with said sewage system there is a filtration plant; that said system was negligently constructed and operated; that appellee intentionally and willfully abandoned said filtration plant and deliberately emptied the sewage collected by said system into said public ditch or drain; that the conditions created thereby constituted a nuisance and were injurious to appellant and his property; that said nuisance should be abated by enjoining said appellee from so disposing of its sewage and that appellant should recover money damages for the continuation of said nuisance prior to the commencement of this action.

To this complaint the appellee filed a demurrer which was overruled. This ruling of the court is not brought before us for review by any assignment of cross-errors by the appellee. After the said ruling on the demurrer the appellee filed an answer in two paragraphs to each of which the appellant filed a separate demurrer. The demurrer to said first paragraph of answer was sustained but this ruling of the court is not brought before us for review by any assignment of cross-error by the appellee. The trial court overruled the demurrer to the second paragraph of answer to which ruling the appellant excepted and refused to plead further and elected to stand upon said ruling, whereupon the court rendered judgment in favor of the appellee that the appellant take nothing by his cause of action and that the appellee recover the costs. It is from this judgment that the appel-

lant appeals, assigning as error that the court erred in overruling his demurrer to said second paragraph of answer.

The paragraph of answer in question alleges in substance: that the appellant is the owner of a modern home within the appellee city, in which he resides with his family and others; that it is equipped with modern plumbing which is connected with said sewage system of the appellee and has been so connected and used for a number of years and that thereby the appellant contributes to and helps to cause the damage of which he now complains and is therefore precluded from a recovery in his cause of action. The appellant's demurrer to said paragraph of answer is upon the ground that it does not state facts sufficient to constitute a cause of defense to the appellant's cause of action stated in his complaint. With the demurrer the appellant filed a memorandum consisting of twelve specifications stating his reasons why the said paragraph of answer is insufficient for want of facts. In order to determine the question presented we deem it unnecessary to set out or consider more than the 2nd, 3rd, and 4th of said specifications, which are as follows:

"2. Said second paragraph of answer fails to allege any facts showing the negligent, careless, wrongful or unlawful acts of plaintiff and their contributing to the injury complained of in said complaint.

"3. Said second paragraph of answer fails to allege any facts showing how plaintiff by his conduct contributes to the injury complained of, to wit: The unlawful, negligent and careless construction and operation of said sewage once it is collected.

"4. Said second paragraph of answer does not allege how or in what manner plaintiff can control or direct the actions or conduct of said defendant city in the collection or disposal of its sewage."

The appellee has not seen fit in its brief to give the court any aid in determining the question presented by the ruling of the court on the demurrer to the second paragraph of answer, but has discussed only the ruling of the court upon the demurrer to the first paragraph of the answer a ruling of the court against the appellee but which ruling it has not presented to us for review, as has been heretofore pointed out in this opinion. Under the record as it is presented to us in this case the only question before us for review is the ruling of the court on the demurrer to the second paragraph of answer. We think this paragraph of answer is clearly insufficient to state a cause of defense for the reasons pointed out in the memorandum filed with the demurrer which have heretofore been set out. See *City of Frankfort* v. *Slipher* (1928), 88 Ind. App. 356, 162 N. E. 241, wherein many of the authorities are collected bearing upon the question generally. There are no allegations in said paragraph of answer which would, if true, amount to an estoppel against the appellant, or which would show or even tend to show that he, in any manner, contributed to the injury of which he complains, or that he, in any manner whatever, by his use of the sewage system of the appellee city, had anything to do, any more than the rest of the home owners of said city, in causing the conditions of which complaint is made. We are not obliged to pass upon the so-called "rule of necessity" in sewage matters in the instant case because no such question is presented and we therefore express no opinion in that regard.

The judgment is reversed with instructions to sustain the demurrer of the appellant to the second paragraph of answer and for further proceedings not inconsistent with this opinion.

Wood, J., not participating.